IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nicole Murray | ) Case No. | |
| Cleveland, Ohio 44106 | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) Judge | |
| | ) | |
| University Hospitals Cleveland | ) | |
| Medical Center | ) | |
| 3605 Warrensville Center Road | ) | |
| Shaker Heights, OH 44122, | ) | COMPLAINT |
| | ) | (Jury Demand Endorsed Hereon) |
| Defendant. | ) | |

INTRODUCTION

1. Nicole Murray was hired by University Hospitals on May 29, 2007 as a Patient Transporter. Murray successfully performed as a patient transporter until University Hospitals terminated her in August 2011 after being unable to return to work without restrictions under University Hospitals' medical leave policy. A Patient Transporter has responsibility for providing safe and efficient transport of patients, equipment, and miscellaneous supplies. After she was terminated, Murray filed an EEOC charge in which she alleged disability discrimination. Conciliation on Murray's first charge ultimately failed in May 2017. Murray thereafter applied for multiple UH positions in September and October 2017.  Defendant refused to employ Murray for any of the entry level positions she sought. Murray filed a second charge of discrimination with the EEOC, alleging she was denied hire for these entry level positions because of her disability and in retaliation for engaging in protected activity.

2. Plaintiff  shall be hereafter referred to simply as "Murray"), brings this action for disability discrimination and retaliation against Defendant University Hospitals Cleveland Medical Center (hereafter, "UH"), and alleges as follows:

PARTIES

3. Murray is a resident of the State of Ohio and Cuyahoga County.

4. At all times relevant to this lawsuit, Murray was an "employee", applicant or former employee within the meaning of Ohio Revised Code Chapter 4112 and the Americans with Disabilities Act.

5. Defendant UH is a wholly owned subsidiary of University Hospital with its principal place of business in Cuyahoga County, Ohio.

6. At all times relevant to this lawsuit, UH was an "employer" and a "person" within the meaning of Ohio Revised Code Chapter 4112, and the Americans with Disabilities Act of 1990 (ADA) acting by and through its agents, servants and employees.

JURISDICTION AND VENUE

7. Murray has fulfilled all conditions precedent to the institution of this action: she filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 5, 2018, which charge was assigned EEOC Charge No. 532-2018-00668. (See attached Exhibit A). The charge was dual filed with the Ohio Civil Rights Commission and EEOC, and investigated by EEOC. On or about December 13, 2019 the EEOC issued a determination finding reasonable cause that Defendant UH discriminated against Murray in violation of the ADA when it failed to hire Murray in 2017. (See attached Exhibit B). After engaging in  conciliation, on December 8, 2021 the EEOC mailed Murray a Notice of Right to Sue dated November 24, 2021. (See attached Exhibit C). Murray received the Notice of Right to Sue on or about December 11, 2021.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because one or more of the claims involved arise under the laws of the United States.

9. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this lawsuit occurred in this District.

### DEFENDANT UH RECOMMENDED MURRAY FOR REHIRE

11. Murray is a former employee of UH and is qualified to work as such.

12. In May, 2007, Murray began employment with UH as a patient transporter at the Cleveland Medical Center on Euclid Avenue. (See attached Exhibit D)

13. Murray in May 2011 was recognized by her supervisor Joshua Beers for her contributions to UH's patients and their families, and the continued success of University Hospitals. (See attached Exhibit E).

14. Murray is a qualified individual with a disability.

15. Murray suffers recurrent back and neck pain from mild discogenic disease, with reversal of cervical lordosis and neuroforamina.  Murray's impairments are usually controlled with medication and other treatment. When her impairments are controlled, Murray is able to perform the essential functions of a patient transporter or any of the positions for which she applied  with or without reasonable accommodations.

16. Defendant UH through its former Human Resources HR Manager, Susan Peplowski, and Legal Department representative were aware of Murray's prior charge, No. 846-2011-61327 based upon disability, and participated in the investigation and conciliation of Murray's first charge.

17. Murray's prior charge, No.846-2011-61327,  had been filed under the Americans with Disabilities Act was unsuccessfully conciliated in May 2017.

18. Between September  2017 and November 2017, having been unemployed for a significant time because Defendant refused to accommodate her disability or conciliate her prior charge, Murray applied for six positions with Defendant UH. (See attached Exhibit F).

19.  Since her termination in 2011 by UH, Murray has been designated by UH in its Human Resources System as "Recommended for Rehire."

## MURRAY HAD PREVIOUSLY WORKED AS A PARTIENT TRANSPORTER

20. Murray applied for Switchboard Operator and Operating Room Assistant, both entry level positions for which she was otherwise qualified.

21. Both the Switchboard Operator and Operating Room Assistant positions were cancelled by UH.

22. Murray also applied for Customer Service Technician, Sterile Processing Technician and Patient Transporter positions with UH.

23. Murray applied twice for the Sterile Processing Technician.

24. Murray had successfully worked for UH as a Patient Transporter for nearly five years with UH prior to her termination.

25. Murray's application for the Customer Service Tech position did not move past the recruiter interview stage.

26. Murray was not interviewed for any of the other positions for which she applied, namely two Sterile Processing Technician positions nor a Patient Transporter position.

27. Murray was not interviewed for the Patient Transporter position, even though she had worked in the position for nearly five years and was "Recommended for Rehire".

28. Murray applied for multiple open positions for which she was otherwise qualified and recommended for rehire, but UH refused to hire her for any of them.

29. Defendant UH selected other non-disabled applicants for the positions Murray sought.

30. Defendant UH selected individuals for the positions who, unlike Murray, had not filed charges of discrimination against UH.

31. Defendant UH selected individuals for the positions who were external candidates and who also lacked the designation "Recommended for Rehire" by UH.

32. Defendant UH selected individuals for the positions Murray sought who lacked prior experience in  the medical industry.

32. Because of her impairment and disability status, and prior charge history with UH, Murray was not hired by UH for any position she sought in 2017.

33. Murray could safely and substantially perform the essential functions of the jobs she sought despite her disability.

34. Murray had engaged in conciliation of her first charge with UH for several months prior to her September and October 2017 applications for new positions.

39. Murray continued to apply for open positions for which she was qualified at UH, but UH rejected each of  her applications.

40. Defendant UH has never engaged in an interactive process with Murray.

41. Defendant UH has a practice of not hiring terminated former employees who challenge its leave policies, or are terminated pursuant to its leave policies, and or file charges of employment discrimination.

## FIRST CLAIM FOR RELIEF – DISABILITY DISCRIMINATION
## Ohio Revised Code Chapter 4112

42. Plaintiff hereby incorporates all allegations in the paragraphs above as if fully rewritten herein.

43. Murray is a member of a protected class because she is a qualified individual with a disability.

44. Murray, who worked the same patient transporter position for over four years with Defendant UH, was qualified for the position of patient transporter and could have performed the essential functions of the patient transporter position with reasonable accommodation.

45. Murray requested a reasonable accommodation, which was denied by UH.

46. UH failed to engage with Murray in an interactive process to determine what other reasonable accommodations could have allowed her to perform the essential functions of her job.

47. UH took adverse action against Murray by refusing to employ her in any of the open positions for which she applied all because of her disability.

48. As a direct and proximate consequence of UH's unlawful and discriminatory misconduct, described above, Murray suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys' fees and costs of litigation, and has been otherwise injured, all of which has damaged Plaintiff. Some or all of Plaintiff's damages will continue to accrue indefinitely into the future.

49. Defendant discriminated against Murray in violation of R.C. §4112.02 and is liable to Plaintiff for all of its damages and losses pursuant to R.C. §4112.99.

50. UH's conduct, described herein, was done: maliciously and/or with conscious disregard of Murray's rights and with a great probability of causing harm, and/or was done maliciously and/or by aggravated or egregious fraud by Defendant's agents or servants, who, as principals or masters, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable to Plaintiff for punitive damages.

**SECOND CLAIM FOR RELIEF – DISABILITY DISCRIMINATION**
**Americans with Disabilities Act**

51. Plaintiff hereby incorporates all allegations set forth above as if fully rewritten herein.

52. By refusing to accommodate Murray's disability, refusing to employ her in any of the open positions for which she applied, failing to engage in the interactive process with her, UH violated the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq.

53. As a direct and proximate consequence of Defendant's unlawful and discriminatory misconduct, described above, Murray suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys' fees and costs of litigation, and has been otherwise injured, all of which has damaged Plaintiff. Some or all of Plaintiff's damages will continue to accrue indefinitely into the future.

54. Defendant discriminated against Murray in violation of the Americans with Disabilities Act, as amended, and is liable to Plaintiff for all of her damages and losses.

55. UH's conduct, described herein, was done maliciously and/or with conscious

disregard of Murray's rights and with a great probability of causing harm, and/or was done maliciously and/or by aggravated or egregious fraud by Defendant's agents or servants, who, as principals or masters, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable to Plaintiff for punitive damages.

### THIRD CLAIM FOR RELIEF – RETALIATION
### Ohio Revised Code Chapter 4112

56. Plaintiff hereby incorporates all allegations set forth above as if fully rewritten herein.

57. Murray engaged in protected activity in the same year she applied for six positions, participating in the investigation and conciliation of her first disability charge with UH, opposing Defendant's failure to accommodate her, filing her first charge of discrimination and participating in the EEOC's investigation, and opposing UH's disability discrimination and failure to accommodate.

58. Defendant was aware of Plaintiff's protected activity.

59. Defendant took adverse action against Murray by refusing to employ her for any of the open positions for which she was otherwise qualified, because of her protected activities.

60. As a direct and proximate consequence of Defendant's unlawful and retaliatory misconduct, described above, Murray suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys' fees and costs of litigation, and has been otherwise injured, all of which has damaged Plaintiff. Some or all of Plaintiff's damages will continue to accrue indefinitely into the future.

61. In retaliating against Murray, Defendant violated R.C. §4112.02, for which Defendant is liable to Plaintiff for all of her damages and losses pursuant to R.C. §4112.99.

62. UH's conduct, described herein, was done: maliciously and/or with conscious disregard of Murray's rights and with a great probability of causing harm, and/or was done maliciously and/or by aggravated or egregious fraud by Defendant's agents or servants, who, as principals or masters, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable to Plaintiff for punitive damages.

### FOURTH CLAIM FOR RELIEF – RETALIATION
### Americans with Disabilities Act

63. Plaintiff hereby incorporates all allegations set forth above as if fully rewritten herein.

64. Murray engaged in protected activity by repeatedly requesting a reasonable accommodation, opposing Defendant's failure to accommodate her, filing her first charge of discrimination and participating in the EEOC's investigation, and opposing UH's disability discrimination and failure to accommodate her.

65. Defendants took adverse action against Murray by refusing to employ her in any of the open positions for which she was qualified, because of her protected activities.

66. As a direct and proximate consequence of Defendant's unlawful and retaliatory misconduct, described above, Murray suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys' fees and costs of litigation, and has been otherwise injured, all of which has damaged Plaintiff. Some or all of Plaintiff's damages will continue to accrue indefinitely into the future.

67. UH retaliated against Murray in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq., and is liable to Plaintiff for all of her damages and losses.

68. UH's conduct, described herein, was done: maliciously and/or with conscious disregard of Murray's rights and with a great probability of causing harm, and/or was done maliciously and/or by aggravated or egregious fraud by Defendant's agents or servants, who, as principals or masters, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable to Murray for punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for back pay; front pay; and other equitable relief; compensatory damages in amounts that will fully and fairly compensate Plaintiff for her injury, damage, and loss; an award of punitive damages in such an amount as will sufficiently punish and deter the wrongful conduct of the Defendant; for attorneys' fees and costs of suit; and, for such other relief as the Court deems just, all in an amount in excess of twenty-five thousand dollars.

## JURY DEMAND

A trial by jury is hereby demanded in the within matter in the maximum number of jurors allowed by law.

Respectfully submitted,

/s/ Lawrence Mays
Lawrence Mays (0038288)
Law Offices of Lawrence Mays LLC
4070 Mayfield Road
South Euclid, Ohio 44121
T 216-208-1287
F 216-367-9897
Lawrence.Mays@lmayslaw.com
Counsel for Plaintiff