

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Cleveland Field Office

AJC Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, OH 44199
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Cleveland Direct Dial: (216) 522-7416
FAX (216) 522-7395
Website: www.eeoc.gov

Charge No. 532-2018-00668

Nicole Murray

Charging Party

University Hospitals Cleveland Medical Center
11100 Euclid Avenue
Cleveland, OH 44106

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title I of the Americans with Disabilities Act of 1990, as amended (ADA). All requirements for coverage have been met.

Charging Party alleges she previously worked for Respondent as a Patient Transporter and was terminated in August 2011 after being unable to return to work without restrictions under Respondent's medical policy. After Charging Party was terminated by Respondent, she filed an EEOC charge. Charging Party alleges she applied for multiple positions since that time with Respondent in or around October 2017 that she was qualified for and denied hire because of her disability and in retaliation for engaging in protected activity, in violation of the ADA.

Respondent denies the allegations.

Evidence reveals that Charging Party was as qualified or better qualified for positions for which she applied than the candidates who were hired. Charging Party was denied hire and only received an interview for one of the positions for which she applied. In response to a question on Charging Party's employment application about why she left the position she previously held with Respondent, Charging Party responded that she left for medical reasons.

Accordingly, I find there is reasonable cause to believe that the Charging Party was discriminated against on the basis of her disability, and in retaliation for engaging in protected activity, in violation of the ADA.

Upon finding reasonable cause that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. The Respondent will be contacted by a Commission representative to discuss conciliation.



EXHIBIT B

If Respondent fails to engage in conciliation, or if the Commission determines, in its sole discretion, that conciliation has failed, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

The confidentiality provisions and the Commission Regulations apply to information obtained during conciliation.

On Behalf of the Commission:

12/13/2019
Date

*for* Connie Davis
Cheryl J. Mabry
Field Office Director