**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE MURRAY, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:22-cv-00391-BMB |
| | : | |
| v. | : | JUDGE BRIDGET MEEHAN BRENNAN |
| | : | |
| UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER | : | JURY DEMAND ENDORSED HEREON |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant University Hospitals Cleveland Medical Center ("Defendant" or "UH"), by and through counsel, and for its Answer to the Complaint (the "Complaint") filed by Plaintiff Nicole Murray ("Plaintiff"), states as follows:

**INTRODUCTION**

1. Defendant admits that Plaintiff is a former UH employee, that she filed a charge of discrimination and that she applied for employment after being discharged, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff asserts claims of disability discrimination and retaliation, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3. Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that it is based in Cuyahoga County, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant admits that Plaintiff filed charges of discrimination, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that this Court has subject matter jurisdiction over this Complaint, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that this Court has supplemental jurisdiction over this Complaint, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that venue is proper in this Court, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

## DEFENDANT UH RECOMMENDED MURRAY FOR REHIRE[1]

11. In response to Paragraph 11 of the Complaint, Defendant admits only that Plaintiff is its former employee. Further answering, Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff was formerly employed by Defendant as a Patient Transporter, but denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

---

[1] Defendant denies the factual allegations contained in the headers set forth in the Complaint.

4881-8407-7338.1

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that it sought to conciliate Plaintiff's initial charge of discrimination, but denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendant admits only that Murray applied for six positions. Further answering, Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

## MURRAY HAD PREVIOUSLY WORKED AS A PARTIENT TRANSPORTER

20. In response to Paragraph 20 of the Complaint, Defendant admits only that Plaintiff applied for the Switchboard Operator, Req. no. 170001VY, and Operating Room Assistant, Req. no. 17000212 positions. Further answering, Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint. Further answering, Defendant states that Plaintiff withdrew her application prior to the cancellation of the Switchboard Operator position cancellation.

22. In response to Paragraph 22 of the Complaint, Defendant admits that Plaintiff applied for the Non-Certified Sterile Processing Technician, Req.no.17000593, Transporter Patient, Req. no. 170005P8, Non-Certified Sterile Processing Technician, Req.no.170007N5, and Customer Service Tech position, Req. No. 170003XM positions.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint. Further answering, Defendant admits that Plaintiff applied for two separate Non- Certified Sterile Processing Technician positions.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

4881-8407-7338.1

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendant admits only that Plaintiff was not interviewed for the Transporter Patient position.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. No allegation contained in the Complaint.[2]

36. No allegation contained in the Complaint.

37. No allegation contained in the Complaint.

38. No allegation contained in the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

**FIRST CLAIM FOR RELIEF – DISABILITY DISCRIMINATION Ohio Revised Code Chapter 4112**

42. Defendant incorporates its responses to Paragraphs 1 through 41 of the Complaint as if fully rewritten herein.

---

[2] Plaintiff's Complaint is misnumbered. It jumps from Paragraph 34 to Paragraph 39. Paragraphs 35, 36, 37, and 38 are not included.

4881-8407-7338.1

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

**SECOND CLAIM FOR RELIEF – DISABILITY DISCRIMINATION Americans with Disabilities Act**

51. Defendant incorporates its responses to Paragraphs 1 through 50 of the Complaint as if fully rewritten herein.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

**THIRD CLAIM FOR RELIEF – RETALIATION Ohio Revised Code Chapter 4112**

56. Defendant incorporates its responses to Paragraphs 1 through 55 of the Complaint as if fully rewritten herein.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

**FOURTH CLAIM FOR RELIEF – RETALIATION Americans with Disabilities Act**

63. Defendant incorporates its responses to Paragraphs 1 through 62 of the Complaint as if fully rewritten herein.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in the WHEREFORE Paragraph immediately following Paragraph 69 of the Complaint, and further denies that Plaintiff is entitled to any judgment against Defendant or any relief whatsoever.

70. Defendant denies each and every allegation not specifically admitted herein to be true.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Defendant did not breach any legal duty to Plaintiff.

3. Some or all of Plaintiff's claims are time-barred.

4. Plaintiff has not sustained any damages proximately or actually caused by Defendant.

5. Plaintiff has failed to mitigate or minimize her damages; the existence of which Defendant denies.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

7. Some or all of the damages that Plaintiff seeks are not recoverable by law.

8. Plaintiff failed to exhaust her administrative remedies.

9. Plaintiff's Complaint against Defendant is frivolous, unreasonable, groundless, and without foundation.

10. The decisionmakers as to the positions at issue were unaware of Plaintiff's charge of discrimination.

11. The decisionmakers as to the positions at issue were unaware of Plaintiff's alleged disability.

12. Plaintiff is estopped from recovering any relief from Defendant.

13. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

14. Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust all required statutory, administrative, and/or judicial remedies, and to the extent Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief pursuant to the alleged statute(s), rule(s), and/or act(s).

15. Plaintiff's claims for punitive damages are barred because the alleged acts or

omissions of Defendant: (1) does not rise to the level required to sustain an award of punitive damages; (2) does not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

16. Some or all of Plaintiff's remedies are limited and/or barred by Ohio's Tort Reform Act.

17. Any claim for punitive/liquidated damages is barred because any allegedly discriminatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

18. Plaintiff's claim for punitive damages is barred and any award of such damages would violate Defendant's rights under the federal and state constitutions.

19. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-retaliatory, non-discriminatory reasons for al actions toward Plaintiff.

20. Plaintiff has not and is not suffering from any emotional distress.

21. To the extent Plaintiff complained about any alleged unlawful discriminatory conduct, Defendant took prompt remedial measures calculated to end any alleged unlawful discrimination.

22. Plaintiff's discharge was based upon legitimate, non-discriminatory, or retaliatory reasons, and not based upon any protected activity or any unlawful reason.

23. Plaintiff was treated the same as all other employees.

24. To the extent that Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-exiting psychological disorder or other causes or factors, and not the

result of any act or omission of Defendant.

25. Plaintiff's claims are barred by her own bad faith.

26. In the event that Defendants discover any after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant may be barred by the doctrine of after-acquired evidence.

27. Defendant can prove its legitimate, nondiscriminatory reason for discharging Plaintiff.

28. Plaintiff cannot prove a prima facie case of disability discrimination.

29. Plaintiff cannot prove pretext.

30. Plaintiff's claim for retaliation fails as a matter of law because she cannot show that her alleged protected activity was the "but for" cause for her discharge.

31. Plaintiff is not disabled.

32. Plaintiff is not qualified for the positions at issue.

33. There is no causal connection between Plaintiff's first charge of discrimination and the alleged failure to hire.

34. Plaintiff only applied for positions with UH because she failed to timely file a lawsuit after receiving a right-to-sue letter.

35. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that judgment be entered in Defendant's favor, and that Defendant recovers its expenses, including reasonable attorneys' fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby respectfully demands a trial by jury on all issues so triable and that the jury be composed of the maximum numbers of jurors permitted by law.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
David.A.Campbell@lewisbrisbois.com
Andrea.Arnold@lewisbrisbois.com

*Attorneys for Defendant*

4881-8407-7338.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of April 2022, a true and correct copy of the foregoing has been electronically filed with the Court and notice was sent to all parties through the Court's EM/ECF system.

                                        */s/ David A. Campbell*
                                        David A. Campbell (0066494)

                                        *One of the Attorneys for Defendant*

4881-8407-7338.1